IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> BRITT ARTHUR LANDER, <br><br> Defendant. | Case No. 22-CR-4071-LTS-KEM <br><br> **REPORT AND RECOMMENDATION** |

I previously held an evidentiary hearing and issued a report and recommendation on Lander's argument that he was too intoxicated to validly waive his *Miranda* rights. *See* Doc. 52. After receiving the report and recommendation, Lander requested to supplement his motion to suppress to raise an argument that Lander invoked his right to an attorney when he requested the presence of his "old lady." I granted the request. Doc. 61. Lander argues that a request for "lay counsel" invokes the right to counsel. Doc. 64. Lander indicates that this issue can be decided based on the record from the prior evidentiary hearing and that no further hearing is necessary. I recommend **denying** the supplemental motion to suppress (Doc. 64).[1]

Officers are required to cease questioning if a suspect makes a "clear and unambiguous" request for counsel.[2] "Although a suspect need not 'speak with the

---

[1] The Government filed a Notice (Doc. 67), stating it maintains its objections to allowing the supplemental suppression motion and that the Government intends to file a separate resistance to the supplemental motion; the Government has also filed a request to extend the responsive pleading deadline (Doc. 69). The court finds it can issue this Report and Recommendation without waiting for the Government's additional resistance.

[2] *United States v. Mohr*, 772 F.3d 1143, 1145-46 (8th Cir. 2014) (citing *Davis v. United States*,

discrimination of an Oxford don,' he must articulate his desire to have counsel present sufficiently clearly that a reasonable police officer in the circumstances would understand the statement to be a request for an attorney."[3]  "[I]f a suspect makes a reference to an attorney that is ambiguous or equivocal in that a reasonable officer . . . would have understood only that the suspect *might* be invoking the right to counsel," an officer is not required to cease questioning.[4]  And "if a suspect is 'indecisive in his request for counsel,' the officers need not always cease questioning."[5]

Several times during the traffic stop and while at the police department, Lander indicated that he wanted to call his significant other (who he now contends is his common law wife).  After being read the *Miranda* warnings, Lander responded, "My old lady is my attorney, I want her present."  Lander laughed as he said it.  I find that everyone knew that Lander's wife was not actually an attorney.  His joke was another request to call his significant other or otherwise have her present, but not a clear and unambiguous invocation of his right to counsel.

Lander argues that an arrestee may invoke the right to counsel under *Miranda* by requesting an unlicensed "lay advocate."  But the Eighth Circuit has repeatedly recognized that "[i]t is well established that a criminal defendant has no constitutional right to have an unlicensed attorney or layman represent him."[6]

Lander does not cite to any cases in which a court has found invocation based on a request for lay counsel.  He relies on *United States v. Eastman*, in which the District of South Dakota noted it was "not clear whether a person who is admitted to practice law

---

512 U.S. 452, 461-62 (1994)).

[3] *Davis*, 512 U.S. at 459 (citation omitted) (quoting *id.* at 476 (Souter, J., concurring)).

[4] *Id.*

[5] *Id.* at 460 (quoting *Miranda v. Arizona*, 384 U.S. 436, 485 (1966)).

[6] *United States v. Young*, 578 F.2d 216, 217 (8th Cir. 1978) (per curiam).

in tribal court, but not elsewhere, is a 'lawyer' within the meaning of *Miranda*"; the court ultimately declined to resolve the issue because the defendant had not clearly and unambiguously requested the tribal public defender's presence.[7] Lander also cites a Seventh Circuit case in which the court held a juvenile's "request for his father [did not] constitute[] an invocation of . . . his right to counsel."[8] The court rejected a categorical rule, however, in part because "under *Miranda* a request for an attorney need not be clear and unequivocal."[9] This is no longer the standard. In any event, these cases can be distinguished—there is a better argument for invocation based on a request for a tribal advocate, or a juvenile's request for a parent who has the ability to retain a lawyer for the juvenile, than here, where Lander wanted to consult his spouse, who "was not in a position to advise the accused as to his legal rights" or otherwise "a trained advocate, skilled in the presentation of the interests of h[er] client."[10]

      I recommend **denying** the supplemental motion to suppress (Doc. 64).

      Objections to this Report and Recommendation, in accordance with 28 U.S.C. § 636(b)(1), Federal Rule of Criminal Procedure 59(b), and Local Criminal Rule 59, must be filed within fourteen days of the service of a copy of this Report and Recommendation; any response to the objections must be filed within seven days after service of the objections. A party asserting such objections must arrange promptly for the transcription of all portions of the record that the district court judge will need to rule on the objections.[11] Objections must specify the parts of the Report and Recommendation to which objections are made, as well as the parts of the record forming the basis for the

---

[7] 256 F. Supp. 2d 1012, 1016 n.4 (D.S.D. 2003).

[8] *United States ex rel. Riley v. Franzen*, 653 F.2d 1153, 1162 (7th Cir. 1981)

[9] Id. at 1159.

[10] **Fare v. Michael C.**, 442 U.S. 707, 719 (1979).

[11] **LCrR 59**.

3

Case 5:22-cr-04071-LTS-KEM    Document 70    Filed 05/11/23    Page 3 of 4

objections.[12]  Failure to object to the Report and Recommendation waives the right to de novo review by the district court of any portion of the Report and Recommendation, as well as the right to appeal from the findings of fact contained therein.[13]

DATED May 11, 2023.

Kelly K.E. Mahoney
Chief United States Magistrate Judge
Northern District of Iowa

---

[12] *See* **Fed. R. Crim. P. 59**.

[13] *United States v. Wise*, 588 F.3d 531, 537 n.5 (8th Cir. 2009).